# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ALASKA

FCC INMATES,

Plaintiffs,

v.

CRIMINAL JUSTICE SYSTEM IN THE FOURTH DISTRICT OF ALASKA IN FAIRBANKS, AK,

Defendants.

Case No. 4:26-cv-00007-SLG

## ORDER OF DISMISSAL

On January 22, 2026, the Court received a Complaint that purports to bring a class action on behalf of "FCC inmates."[1] Attached to the Complaint are two pages of signature sheets containing 32 signatures, along with a handwritten note indicating that additional signatures are forthcoming.[2] However, the Complaint itself does not allege any individualized injuries suffered by any particular prisoner, and the signature sheets do not operate to add any of the signatories as parties to this case. Moreover, self-represented litigants cannot maintain a class action.[3]

---

[1] On the first page of the Complaint, "Class Action Lawsuit (see attachment)" is written in the space designated for the name of the plaintiff(s). Docket 1 at 1. Similarly, in the space designated for plaintiff(s)' signature, the Complaint directs the Court to the attachment. Docket 1 at 11.

[2] Docket 1 at 16-17.

[3] *See* Federal Rule of Civil Procedure 23 (setting forth the prerequisites for maintaining a class action). *See also Simon v. Hartford Life, Inc.,* 546 F.3d 661, 664 (9th Cir. 2008) (non-attorney plaintiff may not attempt to pursue claim on behalf of others in a representative capacity); *Cato v. United States,* 70 F.3d 1103, 1105 n.1 (9th Cir. 1995)

While a court may permit self-represented prisoners to join together as plaintiffs in a lawsuit, "each prisoner proceeding IFP in a multi-prisoner lawsuit [must] pay the full amount of a filing fee."[4] By way of example, in a lawsuit brought by three prisoners, each prisoner would be assessed the filing fee of $350, for a total filing fee of $1,050. Federal law only allows prisoners to waive the *prepayment* of the fees associated with civil lawsuits.[5] Each prisoner must pay the entire $350 filing fee incrementally until paid in full, regardless of the outcome of the lawsuit.[6]

On February 3, 2026, the Court issued a Deficiency Order that stated that the above captioned case is deficient because each Plaintiff that seeks to proceed in this case without prepaying the filing fee must file a fully completed and signed Prisoner Application to Waive Prepayment of the Filing Fee on District of Alaska Form PS10 and attach a copy of the statement for the last six months of that Plaintiff's prisoner trust account.[7] On March 4, 2026, the Deficiency Order was returned to the Court as undeliverable because the envelope was not addressed to a specific prisoner.[8]

According to Alaska's automated inmate information and notification

---

(non-attorney party may not represent other plaintiffs).

[4] *Johnson v. High Desert State Prison*, 127 F.4th 123, 132 (9th Cir. 2025) (internal quotations omitted); 28 U.S.C. § 1915(b)(1).

[5] 28 U.S.C. § 1915(a)-(b).

[6] 28 U.S.C. § 1915(b)(1) & (2).

[7] Docket 3.

[8] Docket 4 (retuned envelope with note indicating "need inmate name").

Case No. 4:26-cv-00007-SLG, *FCC Inmates v. Criminal Justice System in the Fourth District of Alaska in Fairbanks, AK*
Order of Dismissal
Page 2 of 6

service, the first three prisoners on the list are no longer housed at the Fairbanks Correctional Center ("FCC"), and the Court will not distribute copies of its orders to numerous prisoners based solely on an attached list of signatures. Further, the Court notes that at approximately the same time that this purported class action was filed, the Court received an influx of similar filings from FCC prisoners. Many of those actions have since been dismissed for failure to comply with basic procedural requirements, including the obligation to maintain a current address of record and either pay the filing fee or file a properly completed and signed Prisoner Application to Waive Prepayment of the Filing Fee on District of Alaska Form PS10 that includes an attached statement from the plaintiff's prisoner trust account. This case presents the same deficiencies.

Additionally, upon review, the Complaint improperly challenges the criminal justice system overall for alleged systematic violations. The Superior Courts are within the Alaska Court System, which is the judicial "arm" of the State of Alaska, and cannot be sued for civil rights violations in federal court.[9] The only individuals who could be named in place of the Superior State Courts are judges and court personnel acting within the scope of their official duties, all of whom are absolutely immune from suit for civil rights actions in federal court.[10] Similarly, acts

---

[9] *Greater L.A. Council on Deafness, Inc. v. Zolin,* 812 F.2d 1103, 1110 (9th Cir.1987) (holding that state courts are arms of the state for Eleventh Amendment purposes).

[10] *Simmons v. Sacramento County Superior Court,* 318 F. d 1156, 1161 (9th Cir. 2003) ("[A] judge is absolutely immune for judicial acts."). *See also Mullis v. U.S. Bankruptcy*

Case No. 4:26-cv-00007-SLG, *FCC Inmates v. Criminal Justice System in the Fourth District of Alaska in Fairbanks, AK*
Order of Dismissal
Page 3 of 6
Case 4:26-cv-00007-SLG     Document 5     Filed 04/17/26     Page 3 of 6

undertaken by a prosecutor "in preparing for the initiation of judicial proceedings or for trial, and which occur in the course of his role as an advocate for the State," are entitled to the protections of absolute immunity.[11] Additionally, an attorney appointed to represent a criminal defendant in a state court proceeding is "as a matter of law, . . . not a state actor,"[12] and therefore cannot be a defendant in a Section 1983 action.

Finally, a civil rights action is not the proper vehicle to challenge criminal charges, convictions, or rulings. Such challenges must be raised by a criminal defendant in that defendant's criminal case itself, on direct appeal, or through appropriate post-conviction relief. The *Younger* abstention doctrine prohibits a federal court from interfering with ongoing state court proceedings absent extraordinary circumstances;[13] the *Rooker–Feldman* doctrine bars claims that would require a federal court to review and invalidate a state court decision;[14] and the *Heck* doctrine bars claims that necessarily imply the invalidity of a state court

---

*Court for the Dist. of Nevada*, 828 F.2d 1385, 1390 (9th Cir. 1987) ("Court clerks have absolute quasi-judicial immunity from damages for civil rights violations when they perform tasks that are an integral part of the judicial process.").

[11] *Kalina v. Fletcher*, 522 U.S. 118 (1997) (quoting *Buckley v. Fitzsimmons,* 509 U.S. 259, 273 (1993)).

[12] *See Miranda v. Clark County, Nevada*, 319 F.3d 465, 468 (9th Cir. 2003), *cert. denied*, 540 U.S. 814 (2003).

[13] *Younger v. Harris*, 401 U.S. 37 (1971).

[14] *District of Columbia Court of Appeals v. Feldman,* 460 U.S. 462 (1983); *Rooker v. Fidelity Trust Co.,* 263 U.S. 413 (1923).

conviction or sentence, unless that conviction or sentence has already been invalidated through direct appeal, executive order, a state tribunal, or federal habeas relief.[15] Similarly, under the federal full faith and credit statute,[16] a federal court must give a state court judgment the same preclusive effect as the state court judgment would receive by another court of that state.[17]

For these reasons, the Court must dismiss the Complaint. Because any amendment would be futile, the Court will not grant Plaintiffs leave to cure the procedural or substantive deficiencies. Any prisoner who wishes to pursue claims based on his own alleged injuries may do so by filing an individual action in his own name and complying with all applicable filing requirements.

IT IS THEREFORE ORDERED:

1. This case is **DISMISSED.**

2. All pending motions are **DENIED as moot.**

3. The Clerk shall issue a final judgment and close this case.

4. Because this action was improperly brought as a class action and the

---

[15] *Heck v. Humphrey,* 512 U.S. 477 (1994).

[16] 28 U.S.C. § 1738.

[17] *See* 28 U.S.C. § 1738; *Maldonado v. Harris*, 370 F.3d 945, 951 (9th Cir. 2004) ("28 U.S.C. § 1738 generally requires federal courts to give state court judgments the same *res judicata* effect that they would be given by another court of that state."); *Bianchi v. Rylaarsdam,* 334 F.3d 895, 901 (9th Cir. 2003) (quotations and citation omitted) ("If the injury alleged is distinct from [the state court's] judgment, *i.e.*, the party maintains an injury apart from the loss in state court and not 'inextricably intertwined' with the state judgment, ... *res judicata* may apply, but *Rooker–Feldman* does not.").

Case No. 4:26-cv-00007-SLG, *FCC Inmates v. Criminal Justice System in the Fourth District of Alaska in Fairbanks, AK*
Order of Dismissal
Page 5 of 6
Case 4:26-cv-00007-SLG   Document 5   Filed 04/17/26   Page 5 of 6

caption does not name any individual plaintiff, the Clerk of Court need not distribute

this order; it shall be solely a matter of public record on this docket.

DATED this 17th day of April, 2026, at Anchorage, Alaska.

/s/ Sharon L. Gleason
SHARON L. GLEASON
UNITED STATES DISTRICT JUDGE

Case No. 4:26-cv-00007-SLG, *FCC Inmates v. Criminal Justice System in the Fourth District of Alaska in Fairbanks, AK*
Order of Dismissal
Page 6 of 6

Case 4:26-cv-00007-SLG    Document 5    Filed 04/17/26    Page 6 of 6